UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOHN WESTERN THOMAS,      )
                          )
        Petitioner,        )
v.                        ) Case No. 2:12-cv-0329-WTL-WGH
                          )
J. F. CARAWAY,            )
        Respondent.       )

**Entry Denying Habeas Petition and Directing Entry of Final Judgment**

Petitioner John Western Thomas is confined at the Terre Haute FCI. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the validity of his 2005 conviction of a drug offense entered in the United States District Court for the Western District of Michigan.

Thomas is serving a term of life imprisonment imposed after a jury found him guilty of a charge of possession with intent to distribute 100 grams or more of cocaine base, in violation of 21 U.S.C. § 841, and acquitted him on a charge of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). *United States v. Thomas*, 1:05-cr-0053-RHB-1 (W.D. Mich. Feb. 23, 2006). Prior to Thomas' trial on these charges, the government filed a 21 U.S.C. § 851 information alleging that Thomas had two prior felony drug convictions. The term of life imprisonment was mandated by Thomas' two prior felony drug convictions and the § 851 information. On direct appeal, Thomas' conviction and sentence were affirmed. *United States v. Thomas,* No. 06-1288 (6th Cir. Feb. 8, 2007) (unpublished).

In March of 2008, Thomas filed a 28 U.S.C. § 2255 motion in which he alleged that 1) the district court lacked federal jurisdiction; 2) the district court improperly dismissed his motion to suppress without conducting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978); 3) he was subjected to selective prosecution; 4) the prosecutor engaged in misconduct; 5) the district court erred in failing to advise the jury that the statements of attorneys are not evidence; 6) the district court erred in concluding that Thomas's drug possession offense qualified as a predicate felony under 18 U.S.C. § 924(c) in the absence of proper notice under 21 U.S.C. § 851(a); and 7) counsel rendered ineffective assistance by not objecting to the above errors. The district court rejected the first six claims as procedurally defaulted and the ineffective-assistance-of-counsel claim as lacking merit. *Thomas v. United States*, 1:08-cv-0307-RHB (W.D. Mich. June 7, 2010). The district court also denied Thomas' request for a certificate of appealability.

On appeal, the Sixth Circuit found no error and denied Thomas' request for a certificate of appealability. *Thomas v. United States*, No. 10-1793 (6th Cir. May 4, 2011) (unpublished). The Supreme Court denied Thomas' petition for a writ of certiorari. *Thomas v. United States*, No. 11-7736 (U.S. Jan. 17, 2012).

In his 28 U.S.C. § 2241 petition, Thomas asserts that (1) his former appellate counsel (on direct review) was ineffective for not arguing error in the district court's denial of his motion to suppress and denial of his request for a *Franks* hearing; (2) his former trial counsel was ineffective for stipulating to amend the indictment with respect to the amount of drugs alleged in the charging document; and (3) his former trial counsel was ineffective and acted improperly by effectively limiting Thomas' right to cross-examine a witness with respect to stipulations made regarding whether the substance possessed by Thomas was cocaine base.

The government argues that Thomas' petition should be dismissed because he has not shown that his § 2255 remedy was inadequate or ineffective. *See* 28 U.S.C. § 2255(e) ("savings clause"). A "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted). Thomas argues that he was not permitted to supplement his attorney's brief on direct appeal to raise the issues he asserts here and that those claims were then found to have been procedurally defaulted when raised in his § 2255 motion. This circumstance, however, does not fall within the narrow scope of the § 2255 savings clause. "'Inadequate or ineffective' means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Id; see also Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (describing conditions required to establish "inadequate or ineffective"). Contrary to Thomas' contention, he has not made a compelling showing of his actual innocence. There is no basis on which Thomas should be given another opportunity to challenge his conviction in this Court.

Accordingly, Thomas' habeas petition is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/24/14

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

John Western Thomas, #12276-040, Terre Haute FCC, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808

Electronically registered counsel